UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARQUETTE TRANSPORTATION COMPANY,** *et al.*         CIVIL ACTION

VERSUS                                                  No. 06-0826
                                                        C/W:  06-827, 06-
                                                        1281, 06-1282,
                                                        06-9447
                                                        REF:  ALL CASES

**TRINITY MARINE PRODUCTS, INC.,** *et al.*             SECTION:  I/5

<u>**ORDER AND REASONS**</u>

Before the Court are five motions, which include:  (1) the renewed motion to remand filed on behalf of plaintiffs Marquette Transportation ("Marquette"), Iowa Fleeting Services, Inc. ("Iowa Fleeting"), and Waxler Transportation Co., Inc. ("Waxler"), on behalf of itself and all other persons or entities similarly situated; (2) the motion to remand filed on behalf of plaintiff Scott Puettmann; and (3) the motion to dismiss, or alternatively, to stay filed on behalf of defendants Trinity Industries, Inc. and Trinity Marine Products, Inc. (collectively, "Trinity").[1]

---

[1] Also pending before the Court are two other motions by defendants.  On November 17, 2006, defendants Jotun A/S, Jotun, Inc., and Jotun Paints, Inc. (collectively, "Jotun") filed a motion to transfer Civil Action No. 06-9447, *Puettmann v. Trinity Marine Products, Inc., et al.*, to the United States District Court for the Northern District of Illinois for referral to the United States Bankruptcy Court in that district when the case was pending before United States District Judge Ivan L. R. Lemelle.  Rec. Doc. No. 135.  No opposition to Jotun's motion has been filed.  Jotun argued that, because this Court has transferred similar cases to the Northern District of Illinois, the *Puettmann* case should be transferred as well.  Since the filing of Jotun's motion, these similar cases have been returned to this Court from the Northern District of Illinois, Rec. Doc. Nos. 107-10, and the *Puettmann* case has been consolidated with these actions, Rec. Doc. No. 116.  Accordingly, the Court finds that Jotun's motion should be denied as moot.
    Defendant Valpar Corporation ("Valpar") filed a motion to dismiss the *Puettmann* case pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue when this case was pending before United States District Judge Martin L. C. Feldman.  Valpar contends that, should the Court grant Puettmann's currently pending motion to remand, venue will be improper in Plaquemines parish pursuant to La. Code Civ. Proc. arts. 42,

For the following reason, plaintiffs' motions to remand are **GRANTED** and Trinity's motion to dismiss or, in alternatively, to stay is **DENIED**.

## *BACKGROUND*

These consolidated matters arise out of damage allegedly caused by the application of Duro-Seal, a wax-based coating, to plaintiffs' barges that were sold to plaintiffs by Trinity. Plaintiffs, Marquette, Iowa Fleeting, Waxler, and Puettmann, allege that defendants, Trinity, Jotun Paints, Inc., Jotun A/S, Jotun, Inc. (collectively "Jotun"), Lee Engineering Supply Company, Inc. ("Lee"), Molecular Architects, Inc., International Zinc, Coating & Chemical Corp. ("IZ"), International Zinc Trading Corp., Valspar Corporation ("Valpar"), and Polyset Company, Inc. and Polyset Chemical Co., Inc. ("Polyset") "developed, manufactured, sold, licensed, distributed and/or marketed Duro-Seal and are liable in solido."[2] Plaintiffs further claim that in 1997, defendant IZ, which was involved in the early development of Duro-Seal, sold or licensed the manufacture of Duro-Seal to Valspar and that sometime thereafter, Valspar and Jotun entered into a joint venture to market the product.

On March 7, 2003, plaintiff Marquette, a Delaware corporation with its principal place of business in Kentucy, and plaintiff Iowa Fleeting, a Delaware corporation with its principal place

---

73, and 925(4). Valpar "expressly reserves its right to file an exception of improper venue, as well as other dilatory and declinatory exceptions, should this matter be remanded to the Civil District Court for the Parish of Plaquemines." Rec. Doc. No. 136-2, pp. 1-2. No opposition to Valpar's motion has been filed. Notwithstanding Valpar's reservation of right, the Court does not see how objections to venue in state court--as distinct from the jurisdictional arguments that are relevant to the pending remand question--are appropriate for this Court to determine. Accordingly, Valpar's motion to dismiss will be denied.

[2]*See* Rec. Doc. No. 1, pp. 7-8. Consolidated plaintiffs, ACF Acceptance Barge I, LLC (a Delaware LLC), Florida Marine Transporters, Inc. (a Delaware corporation with its principal place of business in Louisiana) and Jar Assets, Inc. (a Florida corporation with its principal place of business in Louisiana), made similar allegations against defendants, including Trinity. No motion practice has occurred with respect to those consolidated actions as those plaintiffs have purportedly settled.

of business in Florida, filed a petition against the above-named defendants in the 25th Judicial District Court for Plaquemines Parish, Louisiana.[3]  Then, on February 15, 2006, nearly three years after plaintiffs had filed their state court petition, IZ voluntarily filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois.[4]

On February 16, 2006, upon receiving notice of IZ's bankruptcy, Trinity removed the *Marquette* action, Civil Action No. 06-826, pursuant to 28 U.S.C. § 1452.[5]  Trinity also removed the *Waxler* action, Civil Action No. 06-827, based on IZ's bankruptcy petition, and on March 13, 2006, third-party defendant Polyset removed the *ACF Acceptance Barge I, LLC* action, Civil Action No. 06-1281, and the *Florida Marine Transproters, Inc.* action, Civil Action No. 06-1282, based on IZ's bankruptcy petition.  Puettmann filed his action in Louisiana state court on September 20, 2006; it was removed to federal court on November 2, 2006, by Jotun as related to the IZ bankruptcy proceeding.

After removal, plaintiffs in *Marquette* and *Waxler* moved for remand, arguing that federal jurisdiction does not exist or, alternatively, for abstention.  At the same time, Trinity moved to transfer venue.  After oral arguments were held but before the assigned district court judge rendered a decision, these cases were transferred to the undersigned for disposition.  On August 11, 2006, the Court granted Trinity's motions for transfer and transferred the

---

[3]Rec. Doc. No. 1, p. 7.

[4]*See Int'l Zinc Coatings & Chem. Corp.*, 06-01373 (Bankr. N.D. Ill. 2006).

[5]28 U.S.C. 1452(a) provides that a party may, in general, remove a "claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. 1452(a) (non-applicable exceptions omitted).

consolidated actions (at that time, Civil Action Nos. 06-826, 06-827, 06-1281, and 06-1282) to the United States District Court for the Northern District of Illinois.[6]

On November 17, 2006, however, the United States Bankruptcy Court for the Northern District of Illinois granted IZ's motion to voluntarily dismiss its bankruptcy petition. Accordingly, the United States District Court for the Northern District of Illinois found that transfer was appropriate pursuant to 28 U.S.C. § 14404(a) and returned these consolidated cases to this Court. On January 24, 2007, the *Puettmann* action, Civil Action No. 06-9447, was consolidated with this action.[7] The dismissal of IZ's bankruptcy is currently on appeal in the Northern District of Illinois.[8]

## *LAW AND ANALYSIS*

**I. Motion to Remand**

*A. Standard of Law*

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute is strictly construed. *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)). When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35,

---

[6]Rec. Doc. No. 97.

[7]Rec. Doc. No. 116.

[8]*See In re: Int'l Zinc Coatings & Chem. Corp.*, No. 07-0034 (N.D. Ill. 2007).

37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden."). Doubts concerning removal are to be construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

*II. Discussion*

Plaintiffs offer two main arguments in support of remand: (1) that because IZ's bankruptcy action has been dismissed, the basis for federal jurisdiction and the removal of these actions (*i.e.*, 28 U.S.C. § 1334(a)) no longer exists; and (2) that defendants should not be permitted to raise the parties' diversity as a basis for federal jurisdiction because these arguments, essentially, improperly allow defendants to assert a new ground for removal.[9]

*1. Federal jurisdiction in spite of the dismissal of the IZ bankruptcy*

Each of the member cases to this consolidated action were originally removed to federal court on the basis of their relation to defendant IZ's bankruptcy proceeding in the Northern District of Illinois, and it was this pending bankruptcy proceeding that led this Court to transfer these cases to that District. The Court must determine whether the voluntary dismissal of the IZ bankruptcy warrants the remand of these cases.

28 U.S.C. § 1334(b) confers original jurisdiction to district courts over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the

---

[9]Puettmann filed a separate remand from plaintiffs in Civil Action Nos. 06-826 and 06-827; however, all plaintiffs in these cases joined in the reply to defendants' opposition to their motions to remand. *See* Rec. Doc. No. 140. The Court will consider plaintiffs' arguments jointly.

Bankruptcy Code]," and 28 U.S.C. § 1452(a) permits removal of such cases.[10]  The general rule on removal is that, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 860, 112 L. Ed. 2d 951, 954 (1991) (citations omitted); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal.") (citation omitted).

Most courts that have addressed this situation, however, have recognized that the grant of federal jurisdiction by §1334(b) is original, not exclusive, and that courts have the discretion to remand state law actions that are merely ancillary to a bankruptcy proceeding.[11]  These courts have drawn an analogy to supplemental state law claims brought into federal court pursuant to 28 U.S.C. § 1367. *See Linkway Investment Co. v. Olsen*, 196 B.R. 517, 522-23 (9th Cir. 1996); *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995); *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162-63 (2d Cir. 1995); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1202 (5th Cir. 1993); *Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992); *Smith v. Comm. Banking Corp. (In re Smith)*, 866 F.2d 576, 580 (3d Cir.

---

[10] 28 U.S.C. § 1452(a) provides, in full:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[11] In their reply brief, plaintiffs state that "[t]he general rule in the Fifth Circuit is that dismissal or closing of a bankruptcy case should result in the remand of related proceedings." Rec. Doc. No. 140. Plaintiffs cite *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993), where the court wrote that "[t]he general rule favors dismissal because the court's jurisdiction over the related proceedings depends upon the nexus between the underlying bankruptcy case and the related proceedings." *Id.* at 1201.  The *Querner* court noted, however, that despite this general rule, the decision to retain jurisdiction over related proceedings remained within the discretion of the bankruptcy court. *Id.* at 1202.

1989); *see also Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455-56 (5th Cir. 1996). Using this rubric, the Court must consider four factors in determining whether to retain jurisdiction over the related actions after the dismissal of the bankruptcy proceeding: judicial economy, convenience to the parties, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 108 S. Ct. 614, 620, 98 L. Ed. 2d 720 (1988); *Doddy*, 101 F.3d at 457; *Querner*, 7 F.3d at 1202.

The *Carnegie-Mellon* factors suggest that remand is appropriate. First, the proceedings in federal court relative to these cases have not been particularly substantive. Of the five consolidated actions, four were filed in state court in 2002 and early 2003.[12] These cases spent approximately three years in Louisiana courts before being dragged into federal court in 2006 on the coattails of the IZ bankruptcy. Since removal, the federal courts' involvement in the cases has been entirely procedural; neither this Court nor the Northern District of Illinois addressed the merits of plaintiffs' cases. No trial date has been scheduled, and discovery deadlines have only recently been proposed.[13] No significant discovery has occurred.[14] The federal proceedings have been limited, and judicial economy weighs in favor of remand.

The Court finds that returning to state court would create little inconvenience for the parties, especially considering the already lengthy proceedings that have occurred there. Moreover, at least two defendants--Jotun and Lee--are citizens of Louisiana. As to fairness and

---

[12] Civil Action No. 06-827 was filed on March 7, 2003, and removed on February 16, 2006. Civil Action No. 06-827 was filed on April 7, 2003, and removed on February 16, 2006. Civil Action No. 06-1281 was filed on December 4, 2002, and removed on March 13, 2006. Civil Action No. 06-1282 was filed on May 15, 2002, and removed on March 13, 2006. Civil Action No. 06-9447 was filed on September 20, 2006, and removed on November 2, 2006.

[13] Rec. Doc. No. 158.

[14] The Court notes plaintiffs' allegation that certain defendants have engaged in surreptitious or improper discovery, Rec. Doc. No. 140, p. 5 n.5; however, the Court has not been presented with a properly filed and timely motion and it will, therefore, take no action with respect to these allegations.

comity, there is no evidence that remand to state court would create any undue delay that defendants' removals have not already engendered, and the Court finds no evidence that remand would prejudice any party. Finally, as a matter of comity, the Court recognizes that "needless decisions of state law should be avoided . . . to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966). After the dismissal of IZ's bankruptcy, the Court finds no reason to maintain plaintiffs' state law claims in federal court.

*B. Diversity Jurisdiction*

Defendants in the *Waxler* and *Puettmann* matters argue that these cases should remain in this Court because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, even though defendants were prohibited from removing their cases based on this theory of jurisdiction by § 1441(b).[15] Section 1332 creates federal jurisdiction for cases in which complete diversity exists among the parties and where the amount in controversy exceeds $75,000, exclusive of interest and costs. A case over which a federal court would have diversity jurisdiction, however, may only be removed to federal court "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Waxler is a citizen of Tennessee, and Puettmann is a citizen of Missouri; there is complete diversity in both of these cases. Because defendants Jotun and Lee are citizens of Louisiana, however, defendants could not remove the *Waxler* and *Puettmann* matters based on diversity jurisdiction, and these cases were instead removed pursuant to §1452(a).[16] Defendants

---

[15]*See* Rec. Doc. No. 117, pp. 5-6; Rec. Doc. No. 118, pp. 3-6; Rec. Doc. No. 123, p. 2.

[16]The Court notes that IZ was not made a defendant to the *Puettmann* matter. Considering the dismissal of the IZ bankruptcy, the Court will not address whether this case was properly removed pursuant to § 1452(a).

now contend that, because these cases were removed pursuant to an alternative basis for jurisdiction, the Court may consider the applicability of diversity jurisdiction as § 1441(b) only bars the *removal* of diversity cases in which one party is a citizen of the forum state.

Plaintiffs note Judge Engelhardt's decision in *Tenet Healthsystem Hosps., Inc. v. Crosby Tugs, Inc.*, No. 04-1632, 2005 U.S. Dist. LEXIS 8030 (E.D. La. Apr. 27, 2005) (Engelhardt, J.). In that case, the defendants removed the plaintiffs' action, alleging that the case presented a federal question. In their opposition to the plaintiffs' subsequent motion to remand, the defendants argued that, alternatively, the court had diversity jurisdiction, explaining that this basis for jurisdiction was not included in the removal because of the § 1441(b) bar. *Id.* at *11-12. Judge Engelhardt construed the defendants' argument for diversity jurisdiction as a request to amend their notice of removal and, ultimately, denied this request and remanded the case. *Id.* at *13, *22; *see also Arancio v. Prudential Ins. Co. of Am.*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002), *cited in Tenet Healthsystem*, 2005 U.S. Dist. LEXIS 8030 at *13.

Despite defendants' statements to the contrary,[17] and considering Judge Engelhardt's reasoning in *Tenet Healthsystem*, the Court will construe defendants' arguments in favor of diversity jurisdiction as a request to amend their notices of removal. 28 U.S.C. § 1653 allows pleadings, including notices of removal, to be amended prior to judgment to "remedy inadequate jurisdictional allegations," but not "defective jurisdictional facts." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000). "Section 1653 . . . . is not to be used to create jurisdiction retroactively where it did not previously exist." *Group Prop. Inv., Co. v. Aussie Rules Marines Servs.*, No. 05-339, 2005 U.S. Dist. LEXIS 16254, at *2-3 (N.D. Tex. Aug. 8, 2005) (*quoting*

---

[17]*See* Rec. Doc. No. 123, p. 3 ("Defendants are not attempting to, do not need to, and furthermore could not, amend their notice of removal to add diversity as an alternative basis of jurisdiction.").

*Aetna Cas. & Sur. v. Hillman,* 796 F.2d 770, 775 (5th Cir. 1986)). Defendants, in contravention of the warning in *Aetna*, would have the Court invoke a previously nonexistent ground for jurisdiction.

Exercising diversity jurisdiction over these cases would provide defendants with an end-run around the strictures of § 1441(b). "Congress has created diversity jurisdiction and the right of removal under 28 U.S.C. § 1441 for the purpose of protecting non-resident litigants from local prejudice." *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990). Where a defendant is a resident of the forum state, however, the risk of this local prejudice is mitigated. *See Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.*, 563 F. Supp. 1108, 1115 n.28 (N.D. Ill. 1983) ("[O]nly out-of-staters may remove diversity cases. The only rationale for this distinction is the local prejudice argument that in-staters need not fear their own courts, but out-of-staters have reason to seek a federal forum."), *quoted in* Robert P. Faulkner, *The Courtesy Copy Trap: Untimely Removal From State to Federal Court*, 52 Md. L. Rev. 374, 378 n.17 (1993).[18]

There are Louisiana defendants in the *Waxler* and *Puettmann* actions, which presumably abates the risk of local prejudice, and these actions would not have been removable at the time they were filed. The presence of these actions in federal court now does not permit defendants to create a ground for jurisdiction that was not available to them originally. Accordingly, the Court declines to permit defendants to amend their notices of removal and finds that it may not

---

[18] In support of their contention that the Court should exercise its diversity jurisdiction, defendants cite to three cases in which courts have considered the diversity of the parties as an alternative ground for jurisdiction. The cases cited, however, do not address the § 1441(b) bar to removal that is at issue in this case. *See Maquire v. Marquette Univ.*, 814 F.2d 1213, 1218 (7th Cir. 1987); *Master-Halco, Inc. v. D'Angelo*, 351 B.R. 267, 272-73 (D. Conn. 2006); *Fabrico Mfg. Corp. v. Wilson Sporting Goods Co.*, 660 F. Supp. 601, 604 (N.D. Ill. 1987). The Court does not find these citations persuasive.

properly exercise its diversity jurisdiction.[19]

## II. Trinity's Motion to Dismiss

Defendant Trinity filed a motion to dismiss or, alternatively, to stay the *Puettmann* matter. Trinity argues that the *Puettmann* case is identical to the *Waxler* case and that Puettmann is a putative class member of the proposed class in *Waxler*. Trinity moves to dismiss the *Puettmann* matter as duplicative; alternatively, Trinity suggests that the Court stay *Puettmann* until the class certification issues have been determined in *Waxler*. Plaintiffs have not filed any opposition to Trinity's motion. Considering the Court's determination above that subject matter jurisdiction is lacking, the Court will leave the issues raised by Trinity's motion to the appropriate state court.

## III. Request for Attorney's Fees and Costs

In their reply, plaintiffs request attorney's fees and costs for defendants' improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v.*

---

[19] No motions to remand have been filed with respect to the *ACF Acceptance Barge I, LLC* action, Civil Action No. 06-1281, or the *Florida Marine Transporters, Inc.* action, Civil Action No. 06-1282. Though the plaintiffs in these cases have purportedly settled with defendants, no dismissals have been filed. These cases present the same jurisdictional issues as the other consolidated cases, and the Court *sua sponte* finds that it does not have subject matter jurisdiction over the *ACF* and *Florida Marine* actions for the reasons discussed. *See Preston v. Tenet Healthsystems Mem. Med. Ctr., Inc.*, No. 07-30132, 2007 U.S. App. LEXIS 9465, at *18 (5th Cir. Apr. 25, 2007) ("As a bedrock principle of federal jurisdiction, a court may sua sponte review whether subject matter jurisdiction exists in a case."). Accordingly, they will be remanded.

11

*Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).  This Court exercises its discretion not to grant plaintiffs' request for attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that the renewed motion to remand filed on behalf of plaintiffs Marquette Transportation, Iowa Fleeting Services, Inc., and Waxler Transportation Co., Inc., on behalf of itself and all other persons or entities similarly situated,[20] and the motion to remand filed on behalf of plaintiff Scott Puettmann,[21] are **GRANTED**.  Civil Action Nos. 06-826, 06-827, and 06-9447 are **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, Louisiana.

**IT IS FURTHER ORDERED** that Civil Action Nos. 06-1281 and 06-1282 are **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, Louisiana, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the motion to dismiss, or alternatively, to stay filed on behalf of defendants Trinity Industries, Inc. and Trinity Marine Products, Inc.[22] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to transfer filed by defendants Jotun A/S, Jotun, Inc., and Jotun Paints, Inc.[23] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the motion to dismiss for improper venue filed by

---

[20]Rec. Doc. No. 103.

[21]Rec. Doc. No. 137.

[22]Rec. Doc. No. 138.

[23]Rec. Doc. No. 135.

defendant Valpar Corporation[24] is **DENIED**.

New Orleans, Louisiana, April __27th__, 2007.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[24]Rec. Doc. No. 136.